UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MERIAH G.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 2:19-CV-911-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when she rejected the opinions of treating doctors William Welsh, D.O., and Jonathan Grymaloski, M.D., regarding Plaintiff's physical impairments, and Plaintiff's testimony on her physical symptoms. The ALJ did not err when she rejected the opinions of Dr. Welsh, David

French, M.D., Holly Chatain, Psy.D., Nancy Woods, Psy.D., Sylvia Thorpe, Ph.D., and Anselm Parlatore, M.D., on Plaintiff's mental impairments, and Plaintiff's testimony on her mental symptoms. Had the ALJ properly considered the evidence regarding Plaintiff's physical impairments, the ALJ may have found Plaintiff disabled or may have included additional limitations in the residual functional capacity assessment. This matter is therefore reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On August 25, 2011, Plaintiff filed an application for DIB, alleging disability as of July 8, 2011. *See* Dkt. 11, Admin. Record ("AR") 59, 103-09. The application was denied on initial administrative review. *See* AR 59-70. A hearing was held before Administrative Law Judge ("ALJ") Patrick Hannon on October 21, 2013. *See* AR 43-58. In a decision date December 13, 2013, the ALJ determined Plaintiff to be not disabled. *See* AR 25-36. The Appeals Council denied review on November 21, 2014. *See* AR 5-8.

Plaintiff sought review of the denial of his application before this Court. *See* AR 753-55. On November 9, 2015, Magistrate Judge Karen L. Strombom entered an order reversing the ALJ's decision and remanding for further proceedings under sentence four of 42 U.S.C. § 405(g). *See* AR 780-86. Judge Strombom found that the ALJ erred in rejecting Plaintiff's testimony as contradicted by her daily activities. *See id.*

On March 17, 2015, while her appeal was pending before the Court, Plaintiff filed an application for SSI and DIB. *See* AR 762, 913-21. That claim was denied on initial review. *See* AR 762-79. The Appeals Council ordered these new claims to be consolidated with Plaintiff's earlier claim, and remanded them all to an ALJ. *See* AR 790.

| | |
|---|---|
| 1 | On July 17, 2018, ALJ Stephanie Martz held a second hearing. *See* AR 688-722. ALJ |
| 2 | Martz issued a decision on August 31, 2018, once again finding Plaintiff not disabled. *See* AR |
| 3 | 650-76. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision |
| 4 | the final decision of the Commissioner. *See* AR 636-39; 20 C.F.R. §§ 404.984(b)(2), |
| 5 | 416.1484(b)(2). |
| 6 | In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly |
| 7 | weigh the medical evidence; and (2) discounting Plaintiff's testimony. Dkt. 14, p. 1. |
| 8 | STANDARD OF REVIEW |
| 9 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 10 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 11 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 12 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 13 | DISCUSSION |
| 14 | **I.   Whether the ALJ Erred in Weighing the Medical Evidence.** |
| 15 | Plaintiff argues the ALJ erred in rejecting multiple medical opinions. *See* Dkt. 14, p. 4- |
| 16 | 18. Plaintiff argues the ALJ erred in rejecting opinions on her physical impairments from Dr. |
| 17 | Welsh and Dr. Grymaloski. *See* Dkt. 14, p. 4-10. Plaintiff argues that the ALJ erred in rejecting |
| 18 | opinions on her mental impairments from Dr. Welsh, Dr. French, Dr. Chatain, Dr. Woods, Dr. |
| 19 | Thorpe, and Dr. Parlatore. *See* Dkt. 14, p. 10-18. The ALJ addressed these opinions in groups, |
| 20 | analyzing the opinions on Plaintiff's physical impairments first, and then analyzing the opinions |
| 21 | on Plaintiff's mental impairments. *See* AR 666-73. The Court will do the same. |
| 22 | When reviewing medical evidence, an ALJ must ordinarily give controlling weight to the |
| 23 | opinions of a treating doctor. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). The ALJ |
| 24 | |

may nonetheless reject treating doctors' opinions, but must explain her reasoning. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). When the treating doctor's opinions are contradicted—as the opinions here are—the ALJ must give "'specific and legitimate reasons' supported by substantial evidence in the record" for rejecting those opinions. *Lester*, 81 F.3d at 830 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The same standard applies with respect to examining doctors. *See Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)).

      A.      <u>Physical Impairments – Dr. Welsh and Dr. Grymaloski</u>

Dr. Welsh and Dr. Grymaloski are Plaintiff's treating doctors. *See* AR 631, 1404. On June 4, 2012, Dr. Welsh completed a physical capacities evaluation, in which he opined that Plaintiff could sit for two hours in an eight-hour day, and stand/walk for one hour. AR 560. He opined that Plaintiff would need to be able to alternate sitting and standing at will throughout the day. *Id.* Dr. Welsh opined that Plaintiff could occasionally lift or carry up to five pounds. AR 561. Dr. Welsh opined that Plaintiff had postural and environmental limitations, as well. *Id.*

On March 22, 2014, Dr. Welsh completed an impairment questionnaire, opining that Plaintiff had different limitations than before. *See* AR 631-35. Dr. Welsh opined that Plaintiff could sit for less than an hour in an eight-hour work day, and stand/walk for less than an hour. AR 633. Dr. Welsh opined that Plaintiff had limitations in grasping and manipulation. AR 634. But he opined that Plaintiff could occasionally lift or carry up to 10 pounds. AR 633. Dr. Welsh opined that Plaintiff would need to take unscheduled rest breaks every 15-30 minutes, and would likely be absent more than three times a month. AR 634-35.

On April 19, 2015, Dr. Welsh completed another impairment questionnaire, largely maintaining his opinions from March 2014. *See* AR 1129-33.

Dr. Grymaloski treated Plaintiff beginning in December 2015. *See* AR 1404. Dr. Grymaloski opined that Plaintiff could sit for less than one hour in an eight-hour workday, and stand/walk for less than one hour in the same timeframe. AR 1405. Dr. Grymaloski opined that Plaintiff would need to elevate both legs to waist level when sitting. *Id.* Plaintiff could occasionally lift up to five pounds, but could not carry any amount of weight. *Id.* Plaintiff could rarely or never grasp, twist, and turn objects, use her hands and fingers for fine manipulations, and reach with her arms. *Id.*

The ALJ gave the opinions of Dr. Welsh and Dr. Grymaloski little weight. AR 667. The ALJ determined that the medical evidence contradicted both doctors' opinions. AR 667-68. The ALJ further reasoned that each doctor's treatment notes failed to support their opinions. AR 668.

The ALJ's first reason for rejecting the opinions of Dr. Welsh and Dr. Grymaloski fails because the ALJ erred in analyzing Plaintiff's symptoms as they relate to fibromyalgia. Fibromyalgia is an "unusual" disease for which "there is an absence of symptoms that a lay person may ordinarily associate with joint and muscle pain. The condition is diagnosed entirely on the basis of the patients' reports of pain and other symptoms." *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (internal citations and quotation marks omitted). The fact that Plaintiff had normal muscle strength, range of motion, and sensation does not contradict the doctors' opinions that Plaintiff has physical limitations due to fibromyalgia. Records document diffuse pain and tenderness, particularly in the low back. *See* AR 1141, 1205, 1210, 1636, 1655, 1664.

The ALJ further reasoned that the opinions of Dr. Welsh and Dr. Grymaloski were entitled to little weight because they relied in part on Plaintiff's lupus, musculoskeletal complaints, and obesity. AR 667. The ALJ erred in doing so because she put too much emphasis on the source of Plaintiff's impairments rather than the impairments themselves. Whether

Plaintiff had mild lupus or minimal degenerative joint changes is largely irrelevant because even if those things were true, she still had fibromyalgia, which could cause her limitations. Treating rheumatologist Kevin Latinis, M.D., Ph.D., for example, noted that Plaintiff had diagnoses of fibromyalgia, questionable Lyme disease and questionable connective tissue disease, but opined that "[r]egardless of the diagnosis, I think the patient clearly has a lot of issues with chronic fatigue and pain." AR 1003. The ALJ thus erred in rejecting Dr. Welsh's and Dr. Grymaloski's opinions on Plaintiff's physical impairments based on the overall medical evidence.

The ALJ's second reason for rejecting the opinions of Dr. Welsh and Dr. Grymaloski fails, as well. Dr. Grymaloski and providers with whom he worked documented physical problems that could cause impairment. *See, e.g.*, AR 1205, 1210, 1655, 1772. And given the ALJ's errors in evaluating the overall medical evidence regarding Plaintiff's physical impairments, as well as the ALJ's general lack of analysis on the documented physical problems, the Court cannot confidently conclude that the ALJ reasonably interpreted Dr. Welsh's and Dr. Grymaloski's treatment notes. Substantial evidence therefore does not support the ALJ's finding that Dr. Welsh's and Dr. Grymaloski's treatment notes were inconsistent with their opinions. *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). The ALJ accordingly erred in rejecting Dr. Welsh's and Dr. Grymaloski's opinions on Plaintiff's physical limitations.

B. <u>Mental Impairments</u>

*i. Dr. Welsh*

Dr. Welsh also opined about Plaintiff's mental impairments. On June 4, 2012, Dr. Welsh opined that Plaintiff had moderate limitations in her ability to sustain attention and concentration, which would eliminate her ability to perform skilled work tasks. *See* AR 562. Dr. Welsh opined that Plaintiff had moderate impairments in her ability to engage in activities of daily living,

social functioning, and concentration, persistence, and pace. AR 567. He opined that Plaintiff was markedly impaired in her ability to adapt to stressful conditions. *Id.*

On December 3, 2012, Dr. Welsh opined that Plaintiff's impairments were more severe. *See* AR 613-16. Dr. Welsh opined that Plaintiff was still moderately impaired in her ability to engage in activities of daily living, but was now markedly limited in social functioning and concentration, persistence, and pace. AR 614. Dr. Welsh opined that Plaintiff was extremely impaired in her ability to adapt to stressful conditions. *Id.*

The ALJ gave Dr. Welsh's opinions little weight. AR 669. The ALJ gave five reasons for this conclusion: (1) Plaintiff received only sporadic treatment that was focused on situational stressors, (2) the longitudinal record showed benign mental status findings and good performance on testing, (3) Plaintiff's own description of herself contradicted Dr. Welsh's opinion on her social functioning, (4) Dr. Welsh relied on Plaintiff's self-reports, which the ALJ rejected, and (5) Dr. Welsh's treatment notes did not support his opinions. AR 670-71. At least two of these reasons withstand scrutiny, making any error with the remaining reasons harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." (Internal quotation marks omitted)).

The ALJ did not err in rejecting Dr. Welsh's opinions as contradicted by the longitudinal medical evidence. An ALJ may reasonably reject a doctor's opinions when they are inconsistent with or contradicted by the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ cited multiple points in the record showing normal mental functioning. *See, e.g.*, AR 1019, 1023, 1388, 1422-24, 1664, 1671, 1678, 1693, 1702,

1729, 1755, 1761, 1770, 1782, 1798. Plaintiff has not shown that the ALJ erred in interpreting this evidence.

The ALJ similarly did not err in rejecting Dr. Welsh's opinion because they were inadequately supported by his treatment notes. "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation and alterations omitted). Dr. Welsh did not explain how he reached his opinions on Plaintiff's limitations, and his treatment notes do not provide any clear support. *See* AR 560-68, 620-28, 1095-1123, 1129-33.

        *ii.*     *Dr. French*

Dr. French briefly treated Plaintiff. *See* AR 602-04. On January 14, 2013, Dr. French completed a psychiatric report describing Plaintiff's diagnoses and limitations. *See* AR 617-19. Dr. French opined that Plaintiff was markedly limited in the categories of activities of daily living, social functioning, concentration, persistence, and pace, and adaptation to stressful conditions. AR 618.

On September 22, 2013, Dr. French completed a mental residual functional capacity assessment. *See* AR 605-12. Dr. French opined that Plaintiff was moderately limited in a number of areas of mental functioning due to anxiety and affective disorders. *See id.*

The ALJ rejected Dr. French's opinions because they were inconsistent, and because Dr. French did not provide any narrative or documentary support for his opinions. AR 671. The ALJ did not err in doing so. First, Dr. French's opinions are inconsistent, so the ALJ could not accept both. For example, the ALJ could not accept Dr. French's opinion that Plaintiff was only moderately limited in her ability to maintain attention and concentration for extended periods,

and Dr. French's opinion that Plaintiff was markedly limited in her ability to maintain concentration, persistence, and pace. *See* AR 607, 618. Second, Dr. French's treatment notes, like those of Dr. Welsh, do not support his opinions. Dr. French saw Plaintiff on four or five occasions, and did not document any mental status findings. *See* AR 602-04. The ALJ therefore reasonably rejected Dr. French's opinions as inadequately supported. *See Bray*, 554 F.3d at 1228.

       *iii.*     *Dr. Chatain*

Dr. Chatain examined Plaintiff once, on September 14, 2011. AR 1006-08. She did not opine as to any specific limitations at that time. *See id.* On June 12, 2012, Dr. Chatain opined that Plaintiff had moderate limitations in understanding and remembering. AR 572. Dr. Chatain opined that Plaintiff had marked limitations in areas of sustained concentration and persistence. *Id.* Dr. Chatain opined that Plaintiff was not significantly limited in areas of social interaction and adaptation. AR 573-74.

The ALJ rejected Dr. Chatain's opinions for many of the same reasons she rejected Dr. Welsh's opinions. *See* AR 669-70. The ALJ additionally rejected Dr. Chatain's opinions because she only saw Plaintiff once, and did not administer any mental status testing. AR 671. Not all of these reasons withstand scrutiny, but—as with Dr. Welsh—the ALJ did not err in rejecting Dr. Chatain's opinions because they were contradicted by the longitudinal medical record. *See Batson*, 359 F.3d at 1195. Again, the ALJ cited multiple records documenting normal mental functioning. *See, e.g.*, AR 1019, 1023, 1388, 1422-24, 1664, 1671, 1678, 1693, 1702, 1729, 1755, 1761, 1770, 1782, 1798. Plaintiff has not shown that the ALJ erred in interpreting this evidence.

Because the ALJ gave one valid reason for rejecting Dr. Chatain's opinions, and that reason survives regardless of the validity of the ALJ's remaining reasons for rejecting Dr. Chatain's opinions, Plaintiff has failed to show harmful error. *See Molina*, 674 F.3d at 1115.

    *iv.    Dr. Woods*

Dr. Woods examined Plaintiff on May 9, 2014. AR 1046-52. Dr. Woods reviewed Plaintiff's medical records and performed a number of psychological tests. AR 1046-47. In July 2013, Dr. Woods opined that Plaintiff had marked limitations in her ability to "[w]ork in coordination with or near others without being distracted by them," "[c]omplete a workday without interruptions from psychological symptoms, and "[p]erform at a consistent pace without rest periods of unreasonable length or frequency." AR 1051. Dr. Woods opined that Plaintiff would be absent from work more than three times per month due to her mental impairments. AR 1052.

The ALJ gave multiple reasons for rejecting Dr. Woods's opinions. *See* AR 672. Several of those reasons do not withstand scrutiny, such as the ALJ's indication that Dr. Woods should have given more weight to certain mental status tests than others. *See id.* But, as with the opinions of Dr. Welsh and Dr. Chatain, the ALJ reasonably rejected Dr. Woods's opinions for being contradicted by the medical record. *See supra* Parts I.B.i., I.B.iii. Plaintiff has again failed to show harmful error. *See Molina*, 674 F.3d at 1115.

    *v.    Dr. Thorpe*

Dr. Thorpe examined Plaintiff on June 8, 2015. AR 1158-65. Dr. Thorpe opined that Plaintiff was markedly limited in her ability to complete a normal work week without interruptions from her psychological symptoms, set realistic goals, and plan independently. AR 1162.

The ALJ rejected Dr. Thorpe's opinions for essentially the same reasons she rejected Dr. Welsh's opinions. *See* AR 669-71. Once again, the ALJ did not err in rejecting Dr. Thorpe's opinions as contradicted by the longitudinal medical record. *See supra* Part I.B.i. Any error in the remainder of the ALJ's reasoning with respect to Dr. Thorpe's opinions was therefore harmless. *See Molina*, 674 F.3d at 1115.

    *vi.*  *Dr. Parlatore*

Dr. Parlatore examined Plaintiff on August 6, 2015. AR 1180-84. Dr. Parlatore performed a mental status exam and clinical interview. AR 1180-82. Dr. Parlatore opined that Plaintiff's "social interaction and adaptation are markedly impaired." AR 1182. Dr. Parlatore opined that Plaintiff "cannot engage in social relations in a suitable, compatible fashion," and would have difficulty interaction with coworkers and the public. AR 1183. He further opined that Plaintiff "does not have the mental ability to handle increased mental demands associated with competitive work." *Id.*

The ALJ rejected Dr. Parlatore's opinions for reasons similar to those she gave for rejecting the opinions of Dr. Welsh and others. *See* AR 672-73. Not all of those reasons withstand scrutiny, but the ALJ did not err in rejecting Dr. Parlatore's opinions as contradicted by the longitudinal medical record. *See supra* Part I.B.i. Any error in the remainder of the ALJ's reasoning with respect to Dr. Parlatore's opinions was therefore harmless. *See Molina*, 674 F.3d at 1115.

In sum, the ALJ erred in rejecting the opinions of Dr. Welsh and Dr. Grymaloski regarding Plaintiff's physical limitations. The ALJ did not err in rejecting the opinions of Dr. Welsh, Dr. French, Dr. Chatain, Dr. Thorpe, and Dr. Parlatore regarding Plaintiff's mental limitations.

## II. Whether the ALJ Erred in Discounting Plaintiff's Testimony.

Plaintiff argues the ALJ erred in discounting Plaintiff's symptom testimony. *See* Dkt. 14, p. 18-22. Plaintiff testified that she suffers from fibromyalgia, lupus, neck pain, back pain, knee pain, insomnia, migraines, memory and concentration problems, and depression. *See* AR 49, 699-700, 704-05.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could reasonably have caused some degree of the symptoms; she does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this step. *See* AR 659.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ found that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms was "not entirely consistent with the medical evidence and other evidence in the record." AR 659. The ALJ reasoned that the medical evidence contradicted Plaintiff's testimony, separately analyzing her physical and mental limitations. *See* AR 659-66.

A. <u>Physical Impairments</u>

The ALJ rejected Plaintiff's testimony by parsing through each diagnosis and citing to medical records she determined contradicted Plaintiff's claims. *See* AR 659-63. Much like her analysis of the medical opinions on physical impairments, the ALJ erred in rejecting Plaintiff's testimony based on the medical record because she erred in analyzing Plaintiff's symptoms as they relate to fibromyalgia. An ALJ "cannot simply pick out a few isolated instances" of medical health that support her conclusion, but must consider those instances in the broader context "with an understanding of the patient's overall well-being and the nature of [his] symptoms." *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016). That Plaintiff had some normal findings on examination, such as normal muscle strength and normal range of motion, does not contradict her claims of pain and fatigue due to fibromyalgia. *See Revels*, 874 F.3d at 656.

The ALJ went on to analyze Plaintiff's lupus, back problems, neck problems, knee problems, and obesity, but—as with her analysis of Dr. Welsh's and Dr. Grymaloski's physical opinions—put too much emphasis on the source of Plaintiff's symptoms rather than the symptoms themselves. Plaintiff had pain and fatigue regardless of whether it was due to fibromyalgia, lupus, degenerative joint issues, or obesity. The ALJ therefore erred in rejecting Plaintiff's symptom testimony regarding her physical impairments.

B. <u>Mental Impairments</u>

The ALJ rejected Plaintiff's testimony regarding her mental impairments because Plaintiff received only sporadic treatment, and because the record showed benign mental status findings. AR 663-65. Although the first reason fails, the second reason withstands scrutiny by the same logic that it survived with respect to the doctors' opinions on Plaintiff's mental impairments. *See supra* Parts III.B.i., III.B.iii-vi. The ALJ thus did not harmfully err in rejecting Plaintiff's testimony regarding her mental impairments. *See Molina*, 674 F.3d at 1115.

## CONCLUSION

Based on the foregoing reasons, the Court finds that the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 20th day of December, 2019.

_____
David W. Christel
United States Magistrate Judge