UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MERIAH LYNN GRIFFITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | CASE NO. 2:19-CV-911-DWC<br><br>ORDER ON MOTION FOR 406(B) ATTORNEY FEES |

Presently before the Court is Plaintiff's Motion for 406(b) Attorney Fees. Dkt. 23.[1] Under 42 U.S.C. § 406(b), the Court may allow a reasonable fee for an attorney who represented a Social Security claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25% of the total past-due benefits. *See Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See id*. at 807, 808.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

Although the fee agreement is the primary means for determining the fee, the Court may reduce the fee for substandard representation, delay by the attorney, or because a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Grisbrecht*, 535 U.S. at 808).

Here, Plaintiff signed a contingency fee agreement agreeing to pay his attorney a fee equal to 25% of the amount awarded for past-due benefits. *See* Dkt. 23-3. The representation was not substandard and the results achieved were excellent. *See* Dkt. 19; Dkt. 23-3; *Grisbrecht*, 535 U.S. at 808. This Court remanded this matter to the Administration for further proceedings and, following remand, Plaintiff was awarded benefits. *See* Dkt. 19, 23-3. There is no evidence of an excessive delay by the attorney or that a windfall will result from the requested fee. Furthermore, Defendant has filed a response stating the Commissioner of Social Security has no objection to the award. Dkt. 24.

Plaintiff moves for attorney's fees in the total amount of $ 49,482.75, which is 25% of Plaintiff's total past-due benefits. *See* Dkt. 23, 23-3. Previously, Plaintiff was awarded an attorney fee of $ 8,004.75 under the Equal Access to Justice Act ("EAJA"). Dkt. 22. Therefore, Plaintiff is moving for a remaining attorney's fee award of $ 41,478.00.[2] After review of the relevant record, the Court orders attorney's fees in the amount of $ 41,478.00 (the fee award less the EAJA award), minus any applicable processing fees as allowed by statute, be awarded to Plaintiff's attorney, Law Offices of Charles E. Binder and Harry J. Binder, LLP, pursuant to 42 U.S.C. § 406(b).

---

[2] Plaintiff's counsel states he will refund Plaintiff the previously awarded EAJA fee of $ 8,004.75. Dkt. 23. The Court declines to allow Plaintiff's counsel to refund the EAJA award and reduces the amount here.

Any past-due benefits withheld by the Commissioner in excess of $41,478.00 may be released to Plaintiff.

Dated this 23rd day of August, 2022.

*David W. Christel*
United States Magistrate Judge